# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Daisy Investment Corp. | Case No. 1:22-cv-1276 |
| 6509 Brecksville Road # 31112 | |
| Independence, Ohio 44131-0112 | Judge |
| | |
| Steven Gale | |
| 6509 Brecksville Road # 31112 | |
| Independence, Ohio 44131-0112 | |
| | |
| Falcon Investment Corp. | |
| 6509 Brecksville Road # 31112 | |
| Independence, Ohio 44131-0112 | |
| | |
| and | |
| | |
| Shamrock Builders, Inc. | |
| 9800 Westpoint Drive, Suite 200 | |
| Indianapolis, IN 46256 | **COMPLAINT** |
| | |
| Plaintiffs, | |
| *v.* | |
| | |
| City of Seven Hills | |
| 7325 Summitview Drive | |
| Seven Hills, Ohio 44131 | |
| | |
| Defendant. | |

Plaintiffs Daisy Investment Corp., Steven Gales, Falcon Investment Corp., and Shamrock Builders, Inc., for their Complaint against Defendant City of Seven Hills, Ohio, state as follows:

**Statement of Relevant Facts**

1. Plaintiffs Daisy Investment Corp. (an Ohio corporation), Steven Gale, and Falcon Investment Corp. (an Ohio corporation) (collectively "Sellers") own property at 7391 and 7403 Broadview Road in Seven Hills, Ohio assigned Cuyahoga County Permanent Parcel Numbers 552-17-011, 552-17-058, 552-17-009, and 552-17-057 (collectively "the Property").

2. The Property is zoned under a unique and restrictive "Broadview Road Development District," which deprives it of an economically viable use.

3. Plaintiff Shamrock Builders, Inc. is an Indiana corporation ("Purchaser"), seeks to develop a portion of the Property into a self- storage facility and has entered into a Purchase and Sale Agreement with Sellers to purchase that portion of the Property.

4. Sellers seek to develop the portion of the Property abutting Broadview Road into a commercial use.

5. On April 25, 2022, Sellers, through Land Use Planner Mark A. Majewski of Northstar Planning & Design LLC submitted an application for a zoning amendment to the City to permit development of the Property. A copy of the application, which includes Mr. Majewski's professional opinion that the existing zoning regulations as applied to the Property are "arbitrary and capricious and provide no viable use" is attached as Exhibit A.

6. The City ignored the application and failed to act on it as it is required to act on any zoning application.

7. On June 21, 2022, after repeated attempts and pleas to the City to act on the application, Plaintiffs received a letter from Joseph W. Diemert, Jr., Special Counsel for City of Seven Hills Mayr and Council, stating that the "Mayor, Administration, and City Council have carefully reviewed the request" and determined that the "request is not well taken, and the above-

proposed zoning amendment will not be further considered for implementation by the City of Seven Hills." A copy of Mr. Diemert's letter is attached as Exhibit B.

8. Upon information and belief, the decision referenced in Mr. Diemert's letter was not made in an open meeting as required by Ohio's Open Meeting Act and sunshine law requirements.

9. In addition to preventing development of the Property to a viable use, upon information and belief, the City has selectively targeted Plaintiff Steve Gale for alleged building-code violations over the condition of a driveway that are existent throughout the City and seeks to have him replace a driveway that is intended to be removed as part of the future development of the Property.

## First Claim for Relief
## (42 U.S.C. §1983)

10. Plaintiffs incorporate all of the foregoing allegations by reference as if restated herein.

11. 42 U.S.C. §1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

12. Plaintiffs have a vested right to develop the property and put it to a viable use.

13. The existing zoning regulations governing the Property do not advance any legitimate governmental interest of the City and are arbitrary and capricious and fail to substantially advance the health, safety, morals or general welfare of the City and are, therefore, unconstitutional. As a consequence thereof, Plaintiffs have been deprived of their rights to substantive due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.

14. Plaintiffs have been and continue to be damaged by the City's wrongful conduct.

15. By refusing to rezone the Property to a viable use, the City has effectively taken the Property without compensation in violation of the Fifth Amendment to the U.S. Constitution, and such deprivation continues to the present day.

16. Plaintiffs are entitled to an order from this Court (a) declaring that the application of the restrictions to the use and development of the Property violates Plaintiffs' rights to substantive due process of law guaranteed under the United States Constitution and, pursuant to 42 U.S.C. §1983, (b) permanently enjoining the City from enforcing the restrictions against the Property and allowing Plaintiffs' proposed use of the Property and (c) awarding Plaintiffs their damages for the temporary taking of the Property pursuant to 42 U.C.S. §1988.

**Second Claim for Relief**
**(Selective, Malicious Code Enforcement)**

17. Plaintiffs incorporate all of the foregoing allegations by reference as if restated herein.

18. Upon information and belief, the City has maliciously targeted Plaintiff Gale for selective code enforcement and cited Mr. Gale for the condition of the driveway of a house on the Property, a condition that is common in many other locations throughout the City.

19. Mr. Gale has been damaged and continues to be damaged by this selective enforcement.

20. The Court should issue a preliminary and permanent injunction enjoining from continuing with this selective enforcement and award Mr. Gale his damages resulting from the City's wrongful actions.

WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

A. That this Court issue an order declaring that the existing zoning regulations governing the Property are unconstitutional as applied, enjoin the City from enforcing the unconstitutional regulations, and declare that Plaintiffs must be allowed to develop the Property as proposed in the zoning amendments submitted to the City;

B. That this Court issue an order enjoining the City from selectively enforcing code regulations against Mr. Gale over a driveway that is to be torn out as part of redevelopment of the Property as proposed by the zoning amendment;

C. That this Court issue an order awarding the Plaintiffs' compensatory damages in an amount to be determined at trial, including damages for the temporary taking of the Property;

E That this Court award Plaintiffs their reasonable attorneys' fees and costs, including, their reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other applicable federal and state statutes; and

F. That this Court grant such other relief as this Court deems reasonable, equitable, necessary or just.

- 6 -

        Respectfully submitted,

        /s/ Majeed G. Makhlouf
        Sheldon Berns (0000140)
        Majeed G. Makhlouf (0073853)
        Berns, Ockner & Greenberger, LLC
        3733 Park East Drive, Suite 200
        Beachwood, Ohio 44122
        Telephone: (216) 831-8838
        Facsimile (216) 464-4489
        sberns@bernsockner.com
        mmakhlouf@bernsockner.com